ARTURO E. BRAVO, Plaintiff and Appellee, *v.* LAS MONJAS RACING CORPORATION, Defendant and Appellant.

No. 5704. Argued June 9, 1931.—Decided July 7, 1931.

*Feliú & La Costa* for appellant.    *Gabriel de la Haba* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

On August 31st, 1928, Arturo E. Bravo sold a piece of property to Las Monjas Racing Corporation. In payment of the price the purchaser delivered to Arturo E. Bravo five promissory notes of $12,000 each nominally maturing on the 31st of December, 1929. By agreement of the parties one of the five notes was to be paid at maturity, but the other four were subject to an extension of time. In the papers evidencing the agreement there was nothing to show what was the extent of time to be given. Arturo E. Bravo transferred three of the four remaining notes and retained the other. This note was reduced to about $9,000 by the payments of the debtor made before maturity. The note was not paid at its nominal maturing date and the parties could not agree on the extension to be afforded. So Arturo Bravo on March 30th, 1930, under section 1095 of the Civil Code filed a suit to have the term of extension fixed. This section reads as follows:

"Should the obligation not fix a period, but it can be inferred from its nature and circumstances that there was an intention to grant it to the debtor, the courts shall fix the duration of the same.

"The court shall also fix the duration of the period when it may have been left to the will of the debtor."

The answer set up various matters looking toward a long extension or to partial payments. The court after hearing the evidence, on the 16th of September, 1930, fixed the date of payment for the 31st of December, 1930.

We are asked to dismiss this appeal on two grounds. One of them is that the appeal is frivolous. From the opinion of the court it would appear that of the $60,000 originally due the debtor in addition to the $10,000 payable at maturity (very probably with interest), paid to the various creditors the sum of $11,333.33; that there was evidence tending to show that the debtor had agreed to pay $500 a month, which it had not done; that among other things, as the debt was only secured by a second mortgage, the court

thought no great extension should be given. The debtor had also shown its other debts and obligations.

Now it may be that an examination of the whole evidence would convince us that the court was right and the debtor was only seeking further delays. There is enough, however, on the face of the proceedings to suggest that the debtor is making payments; that the conditions have changed since the contract was made; that despite its previous defaults, the defendant perhaps could not readily raise $9,000 or more from September 16th, 1930, when the judgment was rendered, and December 31st, 1930. It must also be remembered that the creditor probably had some good reason, in making his sale, to subject the payments to extension of time. Likewise we see that the debtor paid $10,000 in 1929 and by 1930 he had paid over $11,000 more. It is possible that some such rate of payment was in the minds of all the parties when the sale was made. We know nothing of the payments made since the judgment or perhaps before. The whole evidence would have to be examined before we could conscientiously say that there was no merit in the appeal.

The court in its discretion will perhaps on occasion examine the whole evidence to ascertain whether an appeal is frivolous. In general it will only do so when after the hearing of a motion to dismiss we are clearly convinced by the appellee that the appeal is without merit. If there is color of merit to an appeal the court will not anticipate the decision, but preserve the right of an appellant on a full hearing to attempt to convince the court of error or abuse of discretion. Authorities tending to support these conclusions are Bancroft, Code Practice & Remedies, Vol. 9, page 9469; 2 Cal. Jurisprudence, pp. 771–772, section 451; 4 C. J. 2382.

Appellee also moved to dismiss because the record was not filed in time. An application for extension was made to the district court when it should have been filed in this court. The appellant in an affidavit convinces us that this

was an error from which it should be relieved. As the matter was not jurisdictional we shall use our discretion to deny the motion on this ground.

Motion denied.